# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br><br>v.<br><br>Briha K. Younger, Micaela G. Ratcliffe, and Jenae R. Johnson<br><br>*Defendants* | Case No. 19-mj- 5179<br><br>**CRIMINAL COMPLAINT** |

*FILED AUG - 5 2019  MARY C. LOEWENGUTH, CLERK  WESTERN DISTRICT OF NY*

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of August 5, 2019, in the County of Niagara, in the Western District of New York, the defendants did

(1) Knowingly and intentionally possess marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 844(a);

(2) Knowingly and intentionally import into the United States marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952; and

(3) Fraudulently and knowingly import and bring into the United States contrary to law, marijuana, a schedule I controlled substance, in violation of Title 18, United States Code, Section 545.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*
MARC MATLA
Special Agent
Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 5, 2019

_____
*Judge's signature*

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE     )   SS:
CITY OF BUFFALO    )

I, MARC MATLA, a Special Agent for the United States Department of Homeland Security, Homeland Security Investigations (HSI), being duly sworn, deposes and states as follows:

1. I have been employed as a Special Agent with HSI since May 2010. Prior to my appointment with HSI, I served as a Postal Inspector with the United States Postal Inspection Service from May 2008 through May 2010. Prior to my appointment as a Postal Inspector, I served as a Special Agent with the United States Secret Service (USSS) from July 2003 to May 2008. And prior to my appointment with the USSS I served as a Trooper and Investigator with the Virginia State Police (VSP) from November 1993 to July 2003. During my tenure with the VSP I was assigned to a Drug Enforcement Administration (DEA) Task Force as a Task Force Officer (TFO).

2. I make this affidavit in support of a criminal complaint charging Briha Krishaun YOUNGER, Micaela Genevieve RATCLIFFE, and Jenae Rachelle JOHNSON with violating Title 18 United States Code, Section 545 (Smuggling of Goods into the United States), Title 21, United States Code, Section 952 (Importation of a Controlled Substance), and Title 21, United States Code, Section 844 (Simple Possession of a Controlled Substance).

The information in the affidavit is based upon my personal knowledge and upon reports and information received from other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included every fact I have learned during this investigation.

3. On Monday, August 5, 2019, at approximately 8:15 a.m., YOUNGER, RATCLIFFE, and JOHNSON attempted to enter the United States from Canada at the Lewiston Queenston Bridge Port of Entry in Lewiston, NY, which is within the Western District of New York. YOUNGER, RATCLIFFE, and JOHNSON were in a vehicle bearing Massachusetts license plate 4WS797. CBP Officer Joshua Doermer was on the primary inspection lane when the vehicle pulled up. Officer Doermer said YOUNGER, RATCLIFFE, and JOHNSON gave a negative declaration for any marijuana and/or contraband in the vehicle. CBP Officer Doermer saw that RATCLIFFE had a record for a prior incident for traveling with marijuana and then referred YOUNGER, RATCLIFFE, and JOHNSON to the secondary inspection building.

4. Once inside the secondary inspection area, CBP Officer Michael Calland encountered YOUNGER, RATCLIFFE, and JOHNSON. CBP Officer Calland said he received a negative declaration from YOUNGER, RATCLIFFE, and JOHNSON for narcotics. CBP Officer then searched YOUNGER'S purse where he found multiple rolled joints containing a green leafy substance he suspected to be marijuana. YOUNGER confirmed to CBP Officer Calland that it was, in fact, marijuana. CBP Officers Calland, Tiffany Dompkowski, and Supervisory CBP Officer Joseph Rossi searched the vehicle

occupied by YOUNGER, RATCLIFFE, and JOHNSON. During the search, Officers found commercial packaged marijuana and marijuana products in multiple bags, with an approximate total weight of 120 grams. Based upon my training, experience, and education, including the type of substance and the packing of said material, as well as the statements made to me, I believe that the substances possessed by YOUNGER, RATCLIFFE, and JOHNSON were marijuana, a Schedule I controlled substance.

5.  At 11:25 a.m., YOUNGER. was read her Miranda rights by Special Agent (SA) Marc Matla and witnessed by SA Gerald Gibas. YOUNGER waived her rights and signed the Statement of Rights form indicating such. YOUNGER said that RATCLIFFE, JOHNSON and her went to Toronto on Friday for the Caribana Festival. While in Canada, they went to several dispensaries and purchased marijuana products. YOUNGER said she purchased approximately seven to eight grams which cost her approximately $100.00.

6.  At 11:38 a.m., RATCLIFFE was read her Miranda rights by Special Agent (SA) Marc Matla and witnessed by SA Gerald Gibas. RATCLIFFE waived her rights and signed the Statement of Rights form indicating such. RATCLIFFE said she purchased marijuana products at three different dispensaries. RATCLIFFE said she purchased five "pre-rolls", and approximately 10.5 grams of marijuana. RATCLIFFE said she paid $160.00. RATCLIFFE said she had a previous issue when she flew into the United States. RATCLIFFE said she smokes marijuana to help her sleep and for migraines. RATCLIFFE admitted to not declaring the marijuana.

7.    At 11:52 a.m., JOHNSON was read her <u>Miranda</u> rights by Special Agent (SA) Marc Matla and witnessed by SA Gerald Gibas. JOHNSON waived her rights and signed the Statement of Rights form indicating such. JOHNSON said she purchased marijuana at two dispensaries and has the receipts for her purchases. JOHNSON said she purchased marijuana to help her sleep. JOHNSON said she knew it was wrong to bring the marijuana into the United States. JOHNSON admitted she did not declare the marijuana but admitted to the marijuana after the CBP Officer found marijuana in her friend's purse.

WHEREFORE, based on the foregoing information, the affiant believes that probable cause exists that Briha Krishaun YOUNGER, Micaela Genevieve RATCLIFFE, and Jenae Rachelle JOHNSON have violated Title 18 United States Code, Section 545 (Smuggling of Goods into the United States), Title 21, United States Code, Section 952 (Importation of a Controlled Substance), and Title 21, United States Code, Section 844 (Simple Possession of a Controlled Substance).

_____
MARC MATLA
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to me before this

5th day of August 2019

_____
HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF NEW YORK